UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CRIMINAL NO. 4:25-cr-00131-(3) |
| ISHAN DHUKA | § § § | |

## UNITED STATES' UNOPPOSED MOTION FOR
## PRELIMINARY ORDER OF FORFEITURE

The United States moves under Rule 32.2(b)(1) and (2) of the Federal Rules of Criminal Procedure for a preliminary order of forfeiture forfeiting specific property and imposing a money judgment of $500,000. Defendant Ishan Dhuka is not opposed to this motion and expressly agreed to the forfeiture and imposition of the money judgment in his Plea Agreement.

Defendant Ishan Dhuka pleaded guilty to Count One of the Indictment which charged him with Conspiracy in violations of Title 18, United States Code, Section 371, in connection with the underlying substantive violations of Illegal Gambling Business (18 U.S.C. § 1955); Interstate Travel in Aid of Racketeering (18 U.S.C § 1952(a)(1)(3) and (2)); and Money Laundering (18 U.S.C § 1956(h)).

The United States provided notice to the Defendant in the Indictment that pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 1955(d), Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461(c), in the event of conviction, the United States would seek to forfeit any property, real or personal, that constitutes or is derived, directly or indirectly from proceeds traceable to the offense. The United States also provided notice that it would seek a money judgment equal to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p).

In determining the requisite nexus between the property subject to forfeiture and the offense of conviction as required by Rule 32(b)(1)(A), the court may consider evidence already in the record, including any written plea agreement. *See* Fed. R. Crim. P. 32.2(b)(1)(B).

The Defendant stipulated and agreed in his written Plea Agreement (¶¶ 16 & 20) that the property listed below constitutes or is traceable to proceeds and is thus subject to forfeiture.

(a) $12,179.09 from Capital One Bank account ending in *6744;

(b) $205.75 from Nizari Progressive FCU account ending in *6919

(c) $750.67 from Nizari Progressive FCU account ending in *8237

(d) $21,863 in U.S. Currency Seized from 1602 Deep Lapis Circle, Rosenberg, Texas;

(e) 2021 Lincoln Aviator, VIN: 5LM5J7WC8MGL17205;

(f) 2022 Ford F150, VIN: 1FTEW1E80NFA11447

(g) 5643 SW 29th Street, El Reno, Oklahoma.

The Defendant also agreed that he obtained at least $500,000 in illegal proceeds for his role in the conspiracy from the criminal offenses and agreed to a personal money judgment in that amount, and that one or more of the conditions set forth in Title 21, United States Code, Section 853(p) exists. However, the United States agrees that it will not pursue the real property located at 1602 Deep Lapis Circle, Rosenberg, Texas as a directly forfeitable asset or as a substitute asset in satisfaction of the money judgment to be imposed against the Defendant.

The United States submits that based on the record and the evidence in this case, the requisite nexus has been established between the Defendant's count of conviction and the property sought to be forfeited.

Accordingly, the United States moves that the Court enter the proposed Agreed Preliminary Order of Forfeiture.

Respectfully submitted,

JOHN G.E. MARCK
Acting United States Attorney


By:  *s/ S. Mark McIntyre*
S. Mark McIntyre
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, TX 77002
Phone: (713) 567-9000


## Certificate of Conference

On _____, 2026, defense counsel stated that Defendant was unopposed to the proposed Agreed Preliminary Order of Forfeiture.


*s/ S. Mark McIntyre*
S. Mark McIntyre


## Certificate of Service

A true and correct copy of this pleading was served on all counsel via electronic court filing on March ___, 2026.


*s/ S. Mark McIntyre*
S. Mark McIntyre