United States District Court
Southern District of Texas

**ENTERED**
April 29, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:25-cr-00131-(3) |
| ISHAN DHUKA | § | |

## AGREED PRELIMINARY ORDER OF FORFEITURE

Defendant Ishan Dhuka pleaded guilty to Count One of the Indictment which charged him with Conspiracy in violations of Title 18, United States Code, Section 371, in connection with the underlying substantive violations of Illegal Gambling Business (18 U.S.C. § 1955); Interstate Travel in Aid of Racketeering (18 U.S.C § 1952(a)(1)(3) and (2)); and Money Laundering (18 U.S.C § 1956(h)).

The United States provided notice to the Defendant in the Indictment[1] that pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 1955(d), Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461(c), in the event of conviction, the United States would seek to forfeit any property, real or personal, that constitutes or is derived, directly or indirectly from proceeds traceable to the offense. The United States also provided notice that it would seek a money judgment equal to the total value of the property subject to forfeiture.

The Defendant admitted in his Plea Agreement at ¶¶ 16 & 20 that the specific property constitutes or is derived from criminal proceeds, and he agreed that the property is subject to forfeiture. The Defendant also agreed in the Plea Agreement that he obtained at least $500,000 from the criminal offense, that that the factual basis of the guilty plea supports the forfeiture, and

---

[1] The Notice of Forfeiture in the Indictment identified 1602 Deep Lapis Circle, Rosenberg, Texas (item "JJ") as being subject to forfeiture. The United States agrees that it will not pursue forfeiture of that property as a directly forfeitable asset or in satisfaction of the money judgment imposed against the Defendant.

that a personal money judgment of $500,000 should be imposed. The Defendant stipulated that one or more of the conditions set forth in Title 21, United States Code, Section 853(p) exists and agrees to the forfeiture of substitute assets in satisfaction of the money judgment.

Having considered the plea agreement, the record and the applicable law, the Court ORDERS:

1.      That Defendant Ishan Dhuka shall forfeit $500,000 to the United States, and that a personal money judgment is hereby awarded in favor of the United States and against the Defendant in the amount of $500,000.

2.      That the property listed below is forfeited to the United States:

    (a) $12,179.09 from Capital One Bank account ending in *6744;

    (b) $205.75 from Nizari Progressive FCU account ending in *6919;

    (c) $750.67 from Nizari Progressive FCU account ending in *8237;

    (d) $21,863 in U.S. Currency Seized from 1602 Deep Lapis Circle, Rosenberg, Texas;

    (e) 2021 Lincoln Aviator, VIN: 5LM5J7WC8MGL17205;

    (f) 2022 Ford F150, VIN: 1FTEW1E80NFA11447;

    (g) 5643 SW 29th Street, El Reno, Oklahoma.

3.      That the forfeited funds and property will be credited against the money judgment imposed against Defendant.

4.      It is further ORDERED that pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States may move to amend this Order at any time to forfeit the Defendant's property in substitution, with the *exception* of the Rosenberg, Texas property, in accordance with Title 21, United States Code, 853(p).

5.      The United States shall publish notice of this Preliminary Order of Forfeiture and, to the extent practicable, shall provide written notice to any person who reasonably appears to be

a potential claimant with standing to claim an interest in the forfeited assets.  Any person, other than a defendant, asserting a legal interest in the property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his/her/its alleged interest in the property, within such time and in the manner provided by Title 21, United States Code, Section 853(n).

6.    This Agreed Preliminary Order of Forfeiture will be made part of the Defendant's sentence and included in the judgment against him.

Signed in Houston, Texas, on the _____ day of _____4/28/26_____ 2026.

_____
ALFRED H. BENNETT
United States District Judge

3